UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

John William Parker,

Plaintiff,

vs. ORDER TO SHOW CAUSE

Sid Canham, individually and as an employee of Mahnomen County; Richard Rooney, Sheriff individually and as Sheriff of the County of Mahnomen; County of Mahnomen,

Defendants. Civ. No. 01-1918 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 12th day of December, 2002.

To: Plaintiff John William Parker, Pro Se, 1900 11th Avenue South, Minneapolis, Minnesota 55404

By Order dated July 10, 2002, this Court scheduled a Settlement Conference to be conducted in Courtroom No. 2, United States Courthouse, 118 South Mill Street, Fergus Falls, Minnesota. Fergus Falls was specified as this case is venued in the Sixth Division of this Court, and we conduct our Court Sixth Division proceedings in the Courthouse there. Notwithstanding five months of written notice, the Plaintiff failed to appear for the Conference, failed to advise this Court of any objection to the conduct

FILED DEC 12 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

of the Conference, and failed to seek any continuance, or change of location.[1] The Court, and counsel for the Defendants, together with a person, who had full settlement authority to amicably resolve this matter on behalf of the Defendants, appeared at the scheduled Settlement Conference.

Given the failure of the Plaintiff to obey a direct Order of this Court, we direct the Plaintiff to show cause in writing, **by no later than December 23, 2002**, why sanctions, up to and including, the dismissal of this action for a failure of prosecution, should not be imposed upon the Plaintiff pursuant to Rule 16(f), Federal Rules of Civil Procedure.[2] By Notice dated August 7, 2002, the

---

[1]Our Settlement Conference Order specifically drew the parties attention to Rule 16(f), Federal Rules of Civil Procedure. See, <u>Settlement Conference Order of July 10, 2002</u>, at p. 2.

[2]Rule 16(f), provides as follows:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, * * * the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule including attorney's fees, unless the judge find that the noncompliance was substantially justified

(continued...)

District Court, the Honorable Richard H. Kyle presiding, has scheduled the Trial of this matter on the Court's Fergus Falls Trial Calendar of January 1, 2003.

NOW, THEREFORE, It is --

ORDERED:

That, **by no later than December 23, 2002,** the Plaintiff is directed to show cause why the Court should not impose sanctions, pursuant to Rule 16(f), Federal Rules of Civil Procedure, as those sanctions are more fully detailed in this Order, for the Plain-

---

[2](...continued)

> or that other circumstances make an award of expenses unjust.

In turn, Rule 37(b)(2)(B), (C), and (D), Federal Rules of Civil Procedure, provides the following sanctions if a party violates, for example, a Pretrial Order of the Court:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

tiff's failure to attend a Settlement Conference, which had been duly scheduled by the Court, to be conducted on December 10, 2002.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE